# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLARK DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:09-cv-01983-KOB-JEO |
| | ) |
| RICHARD F. ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on June 1, 2010, recommending that Defendants Allen, Hetzel, and Gilbert be dismissed because of the plaintiff's failure to state a cognizable claim against them. (Doc. 8.) He recommended also that the plaintiff's Eighth Amendment claim against Defendant Peterson for failing to protect him from an inmate attack be referred to the Magistrate Judge for further proceedings. *Id*. On June 21, 2010, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 9.)

In his objections, the plaintiff argues that Defendants Allen, Hetzel, and Gilbert failed to "properly supervise, direct and control" the correctional officers who were assigned to his living area. (Doc. 9 at 2.) He states, "These officers slept, (asleep) on their duty posts while Plaintiff's attacker made his way past several security check-points, to gain access to Plaintiff's dormitory, where the assailant stabbed Plaintiff while Plaintiff was sound asleep."[1]  *Id*.  Additionally, the plaintiff cites

---

[1] The plaintiff names only Lieutenant Peterson as an officer who failed to protect him on the night he was attacked. (Compl.) The plaintiff does not allege, however, that Lieutenant Peterson was among those asleep. (Doc. 9.) Additionally, the plaintiff does not appear to have personal knowledge that Lieutenant Peterson or any other officer was asleep at the time Inmate Williams stabbed him.  Indeed, the plaintiff

a case filed in the U.S. District Court for the Middle District of Alabama as support of widespread abuse and attacks at the prison. *Id.* at 3.

"[T]o state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (*quoting Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981)). Because the Eighth Amendment requires the plaintiff to show that prison officials acted with subjective deliberate indifference, "more than ordinary lack of due care for the prisoner's interests or safety" is required to establish constitutional liability. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (*quoting Whitley v. Albers*, 475 U. S. 312, 319 (1986)); *see also Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).

At most, the plaintiff's allegations that guards were asleep at the time of the attack state a claim for negligence. However, neither negligence nor a lack of due care is actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Because the plaintiff has not alleged a constitutional violation based on his claim that guards were asleep at the time of the attack, his claim that Defendants Allen, Hetzel, and Gilbert are liable for such conduct necessarily fails.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court finds that the Magistrate Judge's Report is due to be and is hereby ADOPTED and the Magistrate Judge's Recommendation is ACCEPTED. The court therefore, ORDERS that the plaintiff's Eighth Amendment supervisory liability claims against Defendants Allen, Hetzel, and Gilbert are DISMISSED pursuant to 28 U.S.C.

---

acknowledges that he was "sound asleep" before the attack. *Id.* at 2.

§ 1915A(b). The court further ORDERS that the plaintiff's Eighth Amendment failure to protect claim against Defendant Peterson is REFERRED to the Magistrate Judge for further proceedings. An appropriate order will be entered.

    DONE and ORDERED this 14th day of July 2010.

                                                 _____
                                                 KARON OWEN BOWDRE
                                                 UNITED STATES DISTRICT JUDGE